1 TRACY L. WILKISON
Acting United States Attorney
2 BRANDON D. FOX
Assistant United States Attorney
3 Chief, Criminal Division
RYAN P. MANSELL (Cal. Bar No. 332477)
4 Assistant United States Attorney
Riverside Branch Office
5      3403 Tenth Street, Suite 200
       Riverside, California 92501
6      Telephone: (951) 368-1474
       Facsimile: (951) 276-6202
7      E-mail:   Ryan.Mansell@usdoj.gov

8 Attorneys for Plaintiff
UNITED STATES OF AMERICA

9

**FILED**
CLERK, U.S. DISTRICT COURT

**4/29/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LM_____ DEPUTY

10                     UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          ED CR No. 5:21-cr-00100 JWH

13           Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                     CESAR LIONEL BARRAGAN REYES
14              v.

15 CESAR LIONEL BARRAGAN REYES,

16           Defendant.

17

18      1.   This constitutes the plea agreement between CESAR LIONEL

19 BARRAGAN REYES ("defendant") and the United States Attorney's Office

20 for the Central District of California (the "USAO") in the above-

21 captioned case.  This agreement is limited to the USAO and cannot

22 bind any other federal, state, local, or foreign prosecuting,

23 enforcement, administrative, or regulatory authorities.

24                      DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26           a.   Give up the right to indictment by a grand jury and,

27 at the earliest opportunity requested by the USAO and provided by the

28 Court, appear and plead guilty to counts one, two, and three of the

information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charge defendant with Transporting Aliens for Private Financial Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i).

b.    Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute.   Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings.   Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.   Defense counsel also joins in this consent, agreement, and waiver.   Specifically, this agreement includes, but is not limited to, the following:

i.    Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iv.   Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

c.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 9 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the

3

1   term of imprisonment that may be permissible through the substitution

2   of community confinement or home detention as a result of the offense

3   level falling within Zone B or Zone C of the Sentencing Table.

4          e.   At the time of sentencing, provided that defendant

5   does not commit a new crime or an act constituting obstruction of

6   justice, recommend a two-level downward variance from the applicable

7   Sentencing Guidelines offense level under 18 U.S.C. § 3553(a).

8          f.   In addition, because the justice system is facing an

9   unprecedented crisis through the backlog of cases, the parties agree

10  that the defendant is entitled to a two-level variance as recognition

11  of defendant's early acceptance of responsibility, which will lessen

12  the burden on the court system by: (1) waiving any right to presence

13  and pleading guilty at the earliest opportunity by VTC (or telephone,

14  if VTC is not reasonably available); (2) waiving any right to

15  presence and agreeing to be sentenced by VTC (or telephone, if VTC is

16  not reasonably available) should the Central District of California's

17  General Order allow for it; (3) agreeing to appear at all other times

18  by VTC or telephone; and (4) waiving most of his appellate rights.

19                        NATURE OF THE OFFENSES

20     4.   Defendant understands that for defendant to be guilty of

21  the crimes charged in counts one, two, and three of the information,

22  that is, Transporting Aliens for Private Financial Gain, in violation

23  of Title 8, United States Code, Sections 1324(a)(1)(A)(ii),

24  (a)(1)(B)(i), the following must be true: (1) B.O., X.D., and J.V.,

25  were aliens; (2) B.O., X.D., AND J.V. were not lawfully in the United

26  States; (3) defendant knew that B.O., X.D., and J.V. were not

27  lawfully in the United States; (4) defendant knowingly transported or

28  moved B.O., X.D., and J.V. in order to help B.O., X.D., and J.V.

1  remain in the United States illegally; and (5) defendant transported

2  B.O., X.D., and J.V. for the purpose of private financial gain.

3                              PENALTIES

4       5.    Defendant understands that the statutory maximum sentence

5  that the Court can impose for each violation of Title 8, United

6  States Code, Sections 1324(a)(1)(A)(ii), (a)(1)(B)(i), as charged in

7  counts one, two, and three of the information, is: 10 years'

8  imprisonment; a 3-year period of supervised release; a fine of

9  $250,000 or twice the gross gain or gross loss resulting from the

10  offense, whichever is greatest; and a mandatory special assessment of

11  $100.

12      6.    Defendant understands, therefore, that the total maximum

13  sentence for counts one and two of the information to which defendant

14  is pleading guilty is: 30 years' imprisonment; a 3-year period of

15  supervised release; a fine of $500,000 or twice the gross gain or

16  gross loss resulting from the offenses, whichever is greatest; and a

17  mandatory special assessment of $300.

18      7.    Defendant understands that, pursuant to the Justice for

19  Victims of Trafficking Act of 2015, the Court shall impose an

20  additional $5,000 special assessment if the Court concludes that

21  defendant is a non-indigent person, to be paid after defendant's

22  other financial obligations have been satisfied.

23      8.    Defendant understands that supervised release is a period

24  of time following imprisonment during which defendant will be subject

25  to various restrictions and requirements.  Defendant understands that

26  if defendant violates one or more of the conditions of any supervised

27  release imposed, defendant may be returned to prison for all or part

28  of the term of supervised release authorized by statute for the

1   offense that resulted in the term of supervised release, which could

2   result in defendant serving a total term of imprisonment greater than

3   the statutory maximum stated above.

4        9.    Defendant understands that, by pleading guilty, defendant

5   may be giving up valuable government benefits and valuable civic

6   rights, such as the right to vote, the right to possess a firearm,

7   the right to hold office, and the right to serve on a jury.

8   Defendant understands that he is pleading guilty to felonies and that

9   it is a federal crime for a convicted felon to possess a firearm or

10  ammunition.  Defendant understands that the conviction in this case

11  may also subject defendant to various other collateral consequences,

12  including but not limited to revocation of probation, parole, or

13  supervised release in another case and suspension or revocation of a

14  professional license.  Defendant understands that unanticipated

15  collateral consequences will not serve as grounds to withdraw

16  defendant's guilty pleas.

17       10.   Defendant and his counsel have discussed the fact that, and

18  defendant understands that, if defendant is not a United States

19  citizen, the convictions in this case makes it practically inevitable

20  and a virtual certainty that defendant will be removed or deported

21  from the United States.  Defendant may also be denied United States

22  citizenship and admission to the United States in the future.

23  Defendant understands that while there may be arguments that

24  defendant can raise in immigration proceedings to avoid or delay

25  removal, removal is presumptively mandatory and a virtual certainty

26  in this case.  Defendant further understands that removal and

27  immigration consequences are the subject of a separate proceeding and

28  that no one, including his attorney or the Court, can predict to an

1  absolute certainty the effect of his convictions on his immigration

2  status.  Defendant nevertheless affirms that he wants to plead guilty

3  regardless of any immigration consequences that his pleas may entail,

4  even if the consequence is automatic removal from the United States.

5  FACTUAL BASIS

6      11.  Defendant admits that defendant is, in fact, guilty of the

7  offenses to which defendant is agreeing to plead guilty.  Defendant

8  and the USAO agree to the statement of facts provided below and agree

9  that this statement of facts is sufficient to support pleas of guilty

10  to the charges described in this agreement and to establish the

11  Sentencing Guidelines factors set forth in paragraph 13 below but is

12  not meant to be a complete recitation of all facts relevant to the

13  underlying criminal conduct or all facts known to either party that

14  relate to that conduct.

15      On March 30, 2021, at approximately 6:30 a.m., in Riverside

16  County, within the Central District of California, defendant drove a

17  vehicle on Interstate 10 past United States Border Patrol Agents,

18  carrying as passengers eight aliens who were not lawfully in the

19  United States, namely, B.O., X.D., J.V., V.O., J.C., M.S., D.Z., and

20  F.H. (collectively, the "Smuggled Aliens").  The vehicle that

21  defendant drove was a Nissan Murano registered in Mexicali, Mexico,

22  and bearing California license plate number 6ZTX945.

23      Shortly thereafter, defendant was stopped by the Border Patrol

24  Agents, who discovered the Smuggled Aliens in the vehicle's front

25  passenger seat, backseat area, and rear cargo area.  Defendant was

26  then detained.  When defendant was detained by the Border Patrol

27  Agents, all eight Smuggled Aliens were citizens of Mexico and were

28  not present in the United States lawfully.  Defendant knew that all

1   eight Smuggled Aliens were not lawfully in the United States.  Yet

2   defendant transported the Smuggled Aliens on Interstate 10 and

3   elsewhere within Riverside County in order to help the Smuggled

4   Aliens remain in the United States illegally and to receive a sum of

5   money or property for defendant's own financial gain.  When defendant

6   was detained by Border Patrol Agents, defendant was on his way to

7   Riverside, California, where defendant intended to deliver the

8   Smuggled Aliens and receive a sum or money or property in return.

9                           SENTENCING FACTORS

10       12.  Defendant understands that in determining defendant's

11  sentence the Court is required to calculate the applicable Sentencing

12  Guidelines range and to consider that range, possible departures

13  under the Sentencing Guidelines, and the other sentencing factors set

14  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

15  Sentencing Guidelines are advisory only, that defendant cannot have

16  any expectation of receiving a sentence within the calculated

17  Sentencing Guidelines range, and that after considering the

18  Sentencing Guidelines and the other § 3553(a) factors, the Court will

19  be free to exercise its discretion to impose any sentence it finds

20  appropriate up to the maximum set by statute for the crimes of

21  conviction.

22       13.  Defendant and the USAO agree to the following applicable

23  Sentencing Guidelines factors:

24     Base Offense Level:              12     [U.S.S.G. § 2L1.1(a)(3)]

25     6-24 Aliens Smuggled:            3   [U.S.S.G. § 2L1.1(b)(2)(A)]

26  Defendant and the USAO reserve the right to argue that additional

27  specific offense characteristics, adjustments, and departures under

28  the Sentencing Guidelines are appropriate.

1    14.   Defendant understands that there is no agreement as to

2  defendant's criminal history or criminal history category.

3    15.   Defendant and the USAO reserve the right to argue for a

4  sentence outside the sentencing range established by the Sentencing

5  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

6  (a)(2), (a)(3), (a)(6), and (a)(7).

7                  WAIVER OF CONSTITUTIONAL RIGHTS

8    16.   Defendant understands that by pleading guilty, defendant

9  gives up the following rights:

10          a.   The right to persist in a plea of not guilty.

11          b.   The right to a speedy and public trial by jury.

12          c.   The right to be represented by counsel -- and if

13  necessary have the Court appoint counsel -- at trial.  Defendant

14  understands, however, that, defendant retains the right to be

15  represented by counsel -- and if necessary have the Court appoint

16  counsel -- at every other stage of the proceeding.

17          d.   The right to be presumed innocent and to have the

18  burden of proof placed on the government to prove defendant guilty

19  beyond a reasonable doubt.

20          e.   The right to confront and cross-examine witnesses

21  against defendant.

22          f.   The right to testify and to present evidence in

23  opposition to the charges, including the right to compel the

24  attendance of witnesses to testify.

25          g.   The right not to be compelled to testify, and, if

26  defendant chose not to testify or present evidence, to have that

27  choice not be used against defendant.

28

1    h.    Any and all rights to pursue any affirmative defenses,

2  Fourth Amendment or Fifth Amendment claims, and other pretrial

3  motions that have been filed or could be filed.

4                WAIVER OF APPEAL OF CONVICTION

5    17.  Defendant understands that, with the exception of an appeal

6  based on a claim that defendant's guilty pleas were involuntary, by

7  pleading guilty defendant is waiving and giving up any right to

8  appeal defendant's convictions on the offenses to which defendant is

9  pleading guilty.  Defendant understands that this waiver includes,

10  but is not limited to, arguments that the statutes to which defendant

11  is pleading guilty are unconstitutional, and any and all claims that

12  the statement of facts provided herein is insufficient to support

13  defendant's pleas of guilty.

14          LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15    18.  Defendant gives up the right to appeal all of the

16  following: (a) the procedures and calculations used to determine and

17  impose any portion of the sentence; (b) the term of imprisonment

18  imposed by the Court, provided it is no more than the high end of the

19  Sentencing Guidelines range calculated by the Court; (c) the fine

20  imposed by the Court, provided it is within the statutory maximum;

21  (d) to the extent permitted by law, the constitutionality or legality

22  of defendant's sentence, provided it is within the statutory maximum;

23  (e) the term of probation or supervised release imposed by the Court,

24  provided it is within the statutory maximum; and (f) any of the

25  following conditions of probation or supervised release imposed by

26  the Court: the conditions set forth in General Order 20-04 of this

27  Court; the drug testing conditions mandated by 18 U.S.C.

28

10

1   §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

2   authorized by 18 U.S.C. § 3563(b)(7).

3       19.   Defendant also gives up any right to bring a post-

4   conviction collateral attack on the conviction or sentence, except a

5   post-conviction collateral attack based on a claim of ineffective

6   assistance of counsel or an explicitly retroactive change in the

7   applicable Sentencing Guidelines, sentencing statutes, or statutes of

8   conviction.   Defendant understands that this waiver includes, but is

9   not limited to, arguments that the statutes to which defendant is

10  pleading guilty are unconstitutional, that newly discovered evidence

11  purportedly supports defendant's innocence, and any and all claims

12  that the statement of facts provided herein is insufficient to

13  support defendant's pleas of guilty.

14      20.   The USAO agrees that, provided all portions of the sentence

15  are at or below the statutory maximum specified above, the USAO gives

16  up its right to appeal any portion of the sentence.

17                RESULT OF WITHDRAWAL OF GUILTY PLEA

18      21.   Defendant agrees that if, after entering guilty pleas

19  pursuant to this agreement, defendant seeks to withdraw and succeeds

20  in withdrawing defendant's guilty pleas on any basis other than a

21  claim and finding that entry into this plea agreement was

22  involuntary, then (a) the USAO will be relieved of all of its

23  obligations under this agreement; and (b) should the USAO choose to

24  pursue any charge that was not filed as a result of this agreement,

25  then (i) any applicable statute of limitations will be tolled between

26  the date of defendant's signing of this agreement and the filing

27  commencing any such action; and (ii) defendant waives and gives up

28  all defenses based on the statute of limitations, any claim of pre-

1   indictment delay, or any speedy trial claim with respect to any such

2   action, except to the extent that such defenses existed as of the

3   date of defendant's signing this agreement.

                        EFFECTIVE DATE OF AGREEMENT

5        22.   This agreement is effective upon signature and execution of

6   all required certifications by defendant, defendant's counsel, and an

7   Assistant United States Attorney.

                          BREACH OF AGREEMENT

9        23.   Defendant agrees that if defendant, at any time after the

10   signature of this agreement and execution of all required

11   certifications by defendant, defendant's counsel, and an Assistant

12   United States Attorney, knowingly violates or fails to perform any of

13   defendant's obligations under this agreement ("a breach"), the USAO

14   may declare this agreement breached.  All of defendant's obligations

15   are material, a single breach of this agreement is sufficient for the

16   USAO to declare a breach, and defendant shall not be deemed to have

17   cured a breach without the express agreement of the USAO in writing.

18   If the USAO declares this agreement breached, and the Court finds

19   such a breach to have occurred, then: (a) if defendant has previously

20   entered guilty pleas pursuant to this agreement, defendant will not

21   be able to withdraw the guilty pleas, and (b) the USAO will be

22   relieved of all its obligations under this agreement.

23        24.   Following the Court's finding of a knowing breach of this

24   agreement by defendant, should the USAO choose to pursue any charge

25   that was either dismissed or not filed as a result of this agreement,

26   then:

27

28

                                    12

1          a.    Defendant agrees that any applicable statute of

2   limitations is tolled between the date of defendant's signing of this

3   agreement and the filing commencing any such action.

4          b.    Defendant waives and gives up all defenses based on

5   the statute of limitations, any claim of pre-indictment delay, or any

6   speedy trial claim with respect to any such action, except to the

7   extent that such defenses existed as of the date of defendant's

8   signing this agreement.

9          c.    Defendant agrees that: (i) any statements made by

10  defendant, under oath, at the guilty plea hearing (if such a hearing

11  occurred prior to the breach); (ii) the agreed to factual basis

12  statement in this agreement; and (iii) any evidence derived from such

13  statements, shall be admissible against defendant in any such action

14  against defendant, and defendant waives and gives up any claim under

15  the United States Constitution, any statute, Rule 410 of the Federal

16  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

17  Procedure, or any other federal rule, that the statements or any

18  evidence derived from the statements should be suppressed or are

19  inadmissible.

20                COURT AND UNITED STATES PROBATION AND

21                PRETRIAL SERVICES OFFICE NOT PARTIES

22     25.  Defendant understands that the Court and the United States

23  Probation and Pretrial Services Office are not parties to this

24  agreement and need not accept any of the USAO's sentencing

25  recommendations or the parties' agreements to facts or sentencing

26  factors.

27     26.  Defendant understands that both defendant and the USAO are

28  free to: (a) supplement the facts by supplying relevant information

                              13

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise,

14

1  understanding, or agreement may be entered into unless in a writing

2  signed by all parties or on the record in court.

3                    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4       28.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 TRACY L. WILKISON
   Acting United States Attorney

11

12 _____       4/22/2021
   RYAN P. MANSELL                           Date
13 Assistant United States Attorney

14 /s/ David J. Thomas, on behalf of BARRAGAN REYES    04/21/2021
   CESAR LIONEL BARRAGAN REYES                         Date
15 Defendant

16 *David J. Thomas*                          04/21/2021
   _____       Date
17 DAVID THOMAS, ESQ.
   Attorney for Defendant
   CESAR LIONEL BARRAGAN REYES
18

19

20

21

22

23

24

25

26

27

28

                              15

1                    CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charges and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19
     /s/ David J. Thomas, on behalf of BARRAGAN REYES        04/21/2021
20   CESAR LIONEL BARRAGAN REYES                    Date
     Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF INTERPRETER

I, Madeline Rios , am fluent in the written and

spoken English and Spanish languages.  I accurately translated this

entire agreement from English into Spanish to defendant CESAR LIONEL

BARRAGAN REYES on this date.

/s/ David J. Thomas, on behalf of Madeline Rios      04/21/2021

INTERPRETER                     Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CESAR LIONEL BARRAGAN REYES's attorney.  I have carefully

and thoroughly discussed every part of this agreement with my client.

Further, I have fully advised my client of his  rights, of possible

pretrial motions that might be filed, of possible defenses that might

be asserted either prior to or at trial, of the sentencing factors

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

provisions, and of the consequences of entering into this agreement.

To my knowledge: no promises, inducements, or representations of any

kind have been made to my client other than those contained in this

agreement; no one has threatened or forced my client in any way to

enter into this agreement; my client's decision to enter into this

agreement is an informed and voluntary one; and the factual basis set

forth in this agreement is sufficient to support my client's entry of

guilty pleas pursuant to this agreement.

*David J. Thomas*             04/21/2021

DAVID THOMAS, ESQ.           Date
Attorney for Defendant
CESAR LIONEL BARRAGAN REYES

17

# EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          ED CR No.

11            Plaintiff,                I N F O R M A T I O N

12            v.                        [8 U.S.C. §§ 1324(a)(1)(A)(ii),
                                        (a)(1)(B)(i): Transporting
13   CESAR LIONEL BARRAGAN REYES,       Unlawfully Present Aliens for
                                        Private Financial Gain]
14            Defendant.

15

16       The Acting United States Attorney charges:

17                      COUNTS ONE THROUGH THREE

18            [8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i)]

19       On or about March 30, 2021, in Riverside County, within the

20   Central District of California, and elsewhere, defendant CESAR LIONEL

21   BARRAGAN REYES, knowing and in reckless disregard of the fact that

22   the following aliens had come to, entered, and remained in the United

23   States in violation of the law, knowingly transported and moved the

24   //

25   //

26

27

28

following aliens within the United States, in furtherance of such violation of law, for the purpose of private financial gain:

| COUNT | ALIEN |
|-------|-------|
| ONE | B.O. |
| TWO | X.D. |
| THREE | J.V. |

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

RYAN P. MANSELL
Assistant United States Attorney
Riverside Branch Office